John B. Sganga, Jr. (SBN 116,211)
john.sganga@kmob.com
Paul Stewart (SBN 153,467)
paul.stewart@kmob.com
John N. Kandara (SBN 220,727)
john.kandara@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
P: (949) 760-0404; F: (949) 760-9502

Attorneys for Plaintiffs and Counterdefendants, NOBEL BIOCARE USA, LLC, NOBEL BIOCARE SERVICES AG and NOBEL BIOCARE AB

Marvin H. Kleinberg (SBN 24,953)
mkleinberg@kleinberglerner.com
Michael Hurey (SBN 139,550)
mhurey@kleinberglerner.com
Christopher J. Dugger (SBN 239,427)
cdugger@kleinbergerlerner.com
KLEINBERG & LERNER, LLP
2049 Century Park East, Suite 1080
Los Angeles, CA 90067-3112
P: (310) 557-1511; F: (310) 557-1540

Bernard Malina (*pro hac vice*); bmalina@malinalaw.com
MALINA & ASOCIATES, PLLC
60 East 42nd Street, Suite 501
New York, NY 101965
P: (212) 986-7410; F: (212) 983-8421

Attorneys for Defendant and Counterclaimant, BLUE SKY BIO, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| NOBEL BIOCARE USA, LLC, a Delaware limited liability company, NOBEL BIOCARE SERVICES AG, a Swiss corporation, and NOBEL BIOCARE AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE SKY BIO, LLC, an Illinois limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Civil Action No.<br>CV08-1407 ODW (RZx)<br><br>STIPULATED [PROPOSED] PROTECTIVE ORDER<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT<br><br>**Hon. Ralph Zarefsky** |

Plaintiffs NOBEL BIOCARE SERVICES AG, NOBEL BIOCARE AB, and NOBEL BIOCARE USA, LLC ("Nobel") and Defendant BLUE SKY BIO, LLC ("Blue Sky"), recognizing that each may have confidential business, financial, and/or trade secret information relevant to the subject matter of this lawsuit that may be subject to discovery, have agreed to this Protective Order on the terms set forth below.

IT IS HEREBY STIPULATED that:

1. This Order shall apply to all information produced during discovery in this action, including information produced as an initial disclosure or for purposes of mediation or arbitration, that shall be designated by the party or person producing it as "Confidential" or "Confidential-Attorneys Eyes Only" (collectively, "Confidential Information"). This Order shall not apply to information that, before disclosure, is properly in the possession or knowledge of the party to whom such disclosure is made, or is public knowledge. The restrictions contained in this Order shall not apply to information that is, or after disclosure becomes, public knowledge other than by an act or omission of the party to whom such disclosure is made, or that is legitimately acquired from a source not subject to this Order.

2. Good cause exists for this Court to enter the Order. In the course of pre-trial discovery disclosure has been sought of technical, marketing, personnel, and financial information that contains highly confidential, trade secret, or proprietary information of the parties, which the parties have taken reasonable steps to maintain as confidential. For example, through document requests and interrogatories, the parties have already sought discovery from one another in this case that requires the parties to disclose highly confidential technical product drawings; manufacturing data; royalties, licenses, and confidential business relationships with third parties; detailed product cost, sales, and profitability information; customer and vendor lists; and strategic

marketing information. Such information is maintained confidentially by each of the parties, and the parties believe that its disclosure beyond the limits set forth herein would substantially injure the disclosing party and provide a significant competitive advantage for competitors of the parties (including the receiving party), if such competitors had access to the Confidential Information identified above.

3.  If an exhibit, pleading, interrogatory answer, or admission (collectively, "discovery response"), document or thing (collectively, "document or thing"), or a deposition transcript, other transcript of testimony, or declaration or affidavit (collectively, "testimony") contains information considered confidential by the disclosing party, such exhibit, pleading, discovery response, document or thing, or testimony may be designated "Confidential" or "Confidential-Attorneys Eyes Only" by the disclosing party.

4.  In connection with an exhibit, pleading, discovery response, document or thing, testimony or other court submission, the legend "Confidential" or "Confidential-Attorneys Eyes Only" (in such a manner as will not interfere with the legibility thereof) shall be affixed before the production or service upon a party.

5.  A document may be designated "Confidential" only when it contains, reflects, or otherwise discloses a trade secret or other research, development, commercial, marketing, technical, business, financial, personnel, or customer information that the disclosing party has made reasonable efforts to maintain as confidential and protect against disclosure to improper third parties. A document may be designated "Confidential-Attorneys Eyes Only" only when it contains any of the following highly sensitive information: financial information; cost information; pricing information; sales information; customer, license, supplier, and vendor information; software and firmware for a party's products; technical and development information about a party's products,

including but not limited to a product's dimensions or manufacturing tolerances; comparative product test results; business plans; marketing strategies; new product plans and competitive strategies; or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the receiving party or if the information became known to third parties beyond the restrictions set forth herein.

6. All Confidential Information (*i.e.*, "Confidential" or "Confidential-Attorneys Eyes Only" information) that has been obtained from a party during the course of this proceeding shall be used only for the purpose of this litigation (including, without limitation, appeals and proceedings to enforce subpoenas issued in connection with this litigation) and not for prosecution of patent applications or any other business, proceeding, litigation, or other purpose except as set forth in Paragraph 23. Further, such information may not be disclosed to anyone except as provided in this Order. Counsel for a party may give advice and opinions to their client based on evaluation of information designated as Confidential Information produced by the other party. For information designated "Confidential-Attorneys Eyes Only," such rendering of advice and opinions shall not reveal the content of such information except by prior agreement with opposing counsel.

7. All documents, or any portion thereof, produced for inspection only (*i.e.*, copies have not yet been provided to the receiving party) shall be deemed "Confidential-Attorneys Eyes Only." If a copy of any such document is requested after inspection, the document shall be deemed "Confidential" or "Confidential-Attorneys Eyes Only" only if labeled or marked in conformity with Paragraph 3, with access and dissemination limited as set forth in Paragraphs 12-15.

/ / /

/ / /

8. Information disclosed at a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" at the time of the testimony or deposition, or within fourteen (14) days following receipt of the transcript, and shall be subject to the provisions of this Order. Information disclosed during a deposition or other testimony may be designated as "Confidential" or "Confidential-Attorneys Eyes Only" by notifying the other party, in writing, within fourteen (14) days after receipt of the transcript, of the specific pages of the transcript that should also be so designated. Unless otherwise agreed on the record of the deposition or other testimony, all transcripts shall be treated as "Confidential-Attorneys Eyes Only" for a period of fourteen (14) days after their receipt, and the transcript shall not be disclosed by a non-designating party to persons other than those persons named or approved according to Paragraphs 13-15 to review documents or materials designated "Confidential-Attorneys Eyes Only" on behalf of that non-designating party.

9. All exhibits, pleadings, discovery responses, documents or things, testimony or other submissions, filed with the Court pursuant to this action that have been designated "Confidential" or "Confidential-Attorneys Eyes Only," by any party, or any pleading or memorandum purporting to reproduce, paraphrase, or otherwise disclose such information designated as Confidential Information, shall be marked with the legend "Confidential" or "Confidential-Attorneys Eyes Only" and shall be maintained by the Court <u>under seal</u> by filing the same in the Clerk's Office in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container, the legend "Confidential" and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order Dated (insert the date of this Order)".

*1*       10.    Any Confidential Information that a party seeks to file with the
*2* Court under seal shall be submitted to the Court only as provided by Civil Local
*3* Rule 79-5.  In particular, all documents containing non-segregable Confidential
*4* Information that are submitted to the Court shall be lodged (not filed) with the
*5* Court in sealed envelopes or other appropriate sealed containers on which shall
*6* be placed the title of the litigation, an indication of the nature of the contents of
*7* the sealed envelope or other container, and the words "Confidential" or
*8* "Confidential-Attorneys Eyes Only" as appropriate.  If the Confidential
*9* Information is segregable, such as an exhibit or set of exhibits in support of a
*10* motion, then only the segregable materials shall be lodged in this matter, with
*11* the remaining materials being publicly filed.  The party lodging the Confidential
*12* Information shall simultaneously file an application to seal such materials,
*13* directed to the judicial officer to whom the underlying papers are directed.
*14* Until the Court rules on whether to seal, the lodged material shall remain under
*15* seal.
*16*       11.    As used in this Protective Order, "Trial Counsel" refers exclusively
*17* to the following:
*18*       (a)    For Plaintiffs: The attorneys, paralegals, agents, and support
*19* staff of Knobbe, Martens, Olson & Bear, LLP.
*20*       (b)    For Defendants: The attorneys, paralegals, agents, and
*21* support staff of Malina & Associates, P.L.L.C., and Kleinberg & Lerner, L.L.P.
*22*       (c)    Others:  Such additional attorneys as may be ordered by the
*23* Court, or subsequently may be agreed upon by the parties, such agreement not
*24* to be unreasonably withheld.
*25*       (d)    The Plaintiffs have identified the following attorneys at
*26* Knobbe, Martens, Olson & Bear, LLP as the attorneys responsible for
*27* prosecuting Plaintiffs' patent applications:  Rabi Narula, Nathan Smith, Sean
*28* Ambrose, Jeff Stephens, and John Swingle.  These attorneys shall not be given

access to materials produced by the Defendants that are designated by the Defendants as "Confidential" or "Confidential – Attorneys Eyes Only."

12. Material designated as "Confidential" that has been obtained from a party during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below:

(a) a party, or an officer, director, or designated employee of a party, including in-house counsel, deemed necessary by Trial Counsel to aid in the prosecution, defense, or settlement of this action;

(b) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(c) court reporter(s) employed in this action;

(d) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential;

(e) witnesses in any deposition or other proceeding of this action;

(f) Judges, Magistrates, law clerks and other clerical personnel of the Court before which this action is pending;

(g) members of the jury and alternates;

(h) courtroom spectators at hearings and trial as may be deemed appropriate by the Court; and

(i) any other persons as to whom the parties in writing agree.

13. Material designated as "Confidential-Attorneys Eyes Only" that has been obtained from Plaintiff or Defendants during the course of this proceeding may be disclosed or made available only to the Court, to Trial Counsel for either party, and to the persons designated below:

(a) independent experts or consultants (together with their clerical staff) retained by such Trial Counsel to assist in the prosecution, defense, or settlement of this action;

(b) authors and recipients of any material bearing a "Confidential-Attorneys Eyes Only" legend;

(c) court reporter(s) employed in this action;

(d) Jacqueline Collins, Esq., of Nobel or any other successor in-house counsel designated in writing by Nobel, provided that Ms. Collins or other designated in-house counsel does not engage in competitive decision making;

(e) agents of Trial Counsel needed to perform various services such as, for example, copying, drafting of exhibits, and support and management services, including vendors retained by the parties, or by counsel for parties, for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearings, trials, pleadings, exhibits marked by a party, or attorneys' work product, all of which may contain material designated Confidential-Attorney Eyes Only;

(f) witnesses in any deposition or other proceeding in this action who are the author or recipient of the "Confidential-Attorney Eyes Only" material, or who, based on evidence, have seen the material in the past;

(g) Judges, Magistrates, law clerks and other clerical personnel of the Court before which this action is pending;

(h) members of the jury and alternates;

-7-

    (i) court room spectators at hearings and trial as may be deemed appropriate by the Court; and

    (j) any other persons as to whom the parties in writing agree.

  14. Any officer, director, or designated employee of a party under Paragraph 12(a) or individuals identified under Paragraphs 12(b) and 13(a) having access to Confidential Information shall be given a copy of this order before being shown such Confidential Information, and its provisions shall be explained to them by an attorney.  Each person, before having access to the Confidential Information, shall agree not to disclose to anyone any Confidential Information not exempted by this order and not to make use of any such Confidential Information other than solely for purpose of this litigation, and shall acknowledge in writing by signing a document in the form of Exhibit A attached hereto, that he or she is fully conversant with the terms of this Order and agrees to comply with it and be bound by it.

  15. For the purpose of this Protective Order an independent expert or consultant shall be defined as a person, who has not been and is not an employee of a party or scheduled to become an employee in the future, and who is retained or employed as a consultant or expert for purposes of this litigation, either full or part-time, by or at the direction of counsel of a party.

  16. No expert shall receive Confidential Information unless and until:

    (i) any such expert, consultant and/or consulting firm has signed an undertaking in the form of the attached Exhibit A;

    (ii) a copy of the signed undertaking, a curriculum vitae of the proposed consultant, an identification of any past or present employment or consulting relationship with any party or any related company, and a description of each employment or consulting engagement during the past five years is served on all counsel of record at least ten (10) court days before the confidential discovery material is shown to such consultant; and

-8-

     (iii) no party objects in writing to such disclosure within those at least ten (10) days.  If any such objection is made, it must be in writing and for good cause, and must state the reasons for such objection; thereafter, no disclosure of confidential discovery material shall be made to that consultant as to material produced by the objecting party until the matter is resolved by the Court or upon agreement of the parties.  If the objection is not resolved by the parties, the objecting party has 15 court days from the time the materials referenced in (ii) are served to raise its objections to the Court.  If an objection is made and the objecting party fails to bring the objections before the Court within the previously described fifteen (15) court days, the receiving party may show the objecting party's confidential information to its consultant, and the objecting party will be deemed to have waived its objections.

  17. If any party desires at a hearing to offer into evidence Confidential Information, or to use Confidential Information in such a way as to reveal its nature or contents, such offers or use shall be made only upon the taking of all steps reasonably available to preserve the confidentiality of such Confidential Information, which may include the offering of such Confidential Information outside the presence of persons other than court personnel and counsel.

  18. Any Confidential Information may be used in the course of any deposition taken of the party producing such Confidential Information or its employees without consent, or otherwise used in any deposition with the consent of the party producing such Confidential Information, subject to the condition that when such Confidential Information is so used, the party who made the designation may notify the reporter that the portion of the deposition in any way pertaining to such Confidential Information or any portion of the deposition relevant thereto is being taken pursuant to this Order.  Further, whenever any Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room

any person not entitled to receive such confidential information pursuant to the terms of this Order.

19. In the event that a party seeks discovery from a non-party to this action, either the non-party or the parties may invoke the terms of this Order with respect to any Confidential Information provided to the parties by the non-party by so advising all parties in this suit in writing. Any non-party that discloses Confidential Information under this Order shall be entitled to the rights of a party under this Protective Order with respect to those produced materials. To protect its own Confidential Information, a party may ask a non-party to execute a document in the form of Exhibit A.

20. If any Confidential Information that has been obtained from a party during the course of this proceeding is sought in a separate proceeding by a subpoena, request for production of documents, interrogatory, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body or any other person or tribunal purporting to have authority to seek such information by compulsory process or discovery request, including private parties, then the party or Trial Counsel to whom the process or request is directed ("the receiving party") shall:

    (i) by the third business day after receipt thereof, or the earliest practicable date thereafter, give written notice by hand or facsimile or email of such process or request, together with a copy thereof, to counsel for the party from which the Confidential Information was obtained ("the producing party");

    (ii) object to the process or request, if requested to do so by the producing party; and

    (iii) refuse to produce or disclose such Confidential Information until:

        (a) the producing party consents in writing to production;

(b) the producing party fails to file a motion to quash such process or discovery within the time required for such a motion;

(c) a motion to quash such process or discovery filed by the producing party is denied; or

(d) the receiving party is ordered by a court of competent jurisdiction to produce or disclose such confidential information, so long as the order is not stayed prior to the date set for production or disclosure.

The producing party shall indemnify the receiving party for all expenses, including attorneys' fees, reasonably incurred in resisting production.

21. A receiving party who objects to the designation of any discovery response, document, or thing or testimony as "Confidential" or "Confidential-Attorneys Eyes Only" shall state the objection by letter to counsel for the producing party. If the objection is not promptly resolved, the receiving party may move the Court to determine whether the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." If the receiving party files such a motion, the discovery response, document, or thing or testimony at issue will continue to be entitled to the protections accorded by this Stipulated Protective Order until and unless the Court rules otherwise. If the receiving party files such a motion, the producing party shall bear the burden of establishing that the discovery response, document, or thing or testimony at issue qualifies for treatment as "Confidential" or "Confidential-Attorneys Eyes Only." Nothing herein shall operate as an admission by any party that any particular discovery response, document, or thing or testimony contains "Confidential" or "Confidential-Attorneys Eyes Only" Information for purposes of determining the merits of the claims in this litigation. A party shall not be obligated to challenge the propriety of the designation of any discovery response, document, or thing or

-11-

testimony at the time such designation is made; failure to do so shall not preclude a subsequent challenge. Further, a party's failure to challenge a designation during pretrial discovery shall not preclude a subsequent challenge of such designation at trial or in connection with the submission of any discovery response, document, or thing or testimony to the Court for any purpose.

22. Notwithstanding anything contrary herein, if a party through inadvertence or mistake produces discovery of any Confidential Information without marking it with the legend "Confidential" or "Confidential-Attorneys Eyes Only," or by designating it with an incorrect level of confidentiality, the producing party may give written notice to the receiving party that the exhibit, pleading, discovery response, document or thing, or testimony contains Confidential Information and should be treated as such in accordance with the provisions of this Protective Order. Upon receipt of such notice, and upon receipt of properly marked materials, the receiving party shall return said unmarked or improperly marked materials and not retain copies thereof, and must treat such exhibits, pleadings, discovery responses, documents or things, or testimony as Confidential Information and shall cooperate in restoring the confidentiality of such Confidential Information. The inadvertent or unintentional disclosure by a party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the non-producing party is notified and properly marked documents are supplied as provided herein. The receiving party shall not be responsible for the disclosure or other distribution of belatedly designated Confidential Information that may occur before the receipt of such notification of a claim of confidentiality and such

1  disclosure or distribution shall not be deemed to be a violation of this Protective
2  Order.

3    23.    Any party receiving Confidential Information who believes, in good faith, that disclosure of such material to the United States Patent and Trademark Office ("PTO") is required by 37 C.F.R. § 1.56 may disclose such material to the PTO using the confidential disclosure procedures set forth in the Manual of Patent Examining Procedure §§ 724 - 724.06.  Any such disclosure shall be accompanied by a Petition to Expunge such Confidential Information from the PTO's file in accordance with 37 C.F.R. § 1.59(b) and the Manual of Patent Examining Procedure § 724.05.  At least ten (10) calendar days prior to submission of Confidential Information to the PTO, the submitting party shall provide written notice of the planned submission to the producing party.  The producing party may seek relief from this Court to prevent or otherwise restrict disclosure of Confidential Information to the PTO.

    24.    Documents and things produced or made available for inspection may be subject to redaction, in good faith by the producing party, of sensitive material that is neither relevant to the subject of this litigation nor reasonably calculated to lead to the discovery of admissible evidence, or is subject to the attorney-client privilege or to work-product immunity.  Each such redaction, regardless of size, will be clearly labeled.  This paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information.

    25.    If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such claim.  If a party has inadvertently produced information subject to a claim of immunity or privilege, upon request, such information shall be returned promptly and, if a document, all copies of that document shall be destroyed. The party returning such information may move the Court for an Order

-13-

compelling production of such information but the motion shall not assert as a ground for production the fact that the information was inadvertently produced.

26. Any privileged communication that occurs solely between all or some of the following individuals does not need to be logged by the party on its privilege log:

(a) the party;

(b) its Trial Counsel as provided in Paragraph 11 of this Order; and

(c) experts and consultants retained by the party or its counsel specifically for the present litigation.

The omission of any such communication from a party's privilege log will not constitute a waiver of any privilege. The parties, however, reserve their right to seek a log of any such communication if a party later reasonably believes that such information would be probative.

27. It is not the intention of this Protective Order to address fully discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product, nor to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

28. Neither the taking or the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any signatory's right to seek and obtain protection or relief, with respect to any claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not proprietary to any party, is or is not entitled to particular protection or that such information embodies trade secret or other confidential information of any party. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or other confidential information claims, nor shall it relieve a party

-14-

of the necessity of proper responses to discovery requests.

29. This Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party to this Order, as to any third party, with respect to any Confidential Information. The fact that Information is designated "Confidential" or "Confidential-Attorneys Eyes Only" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of:

(a) whether any particular information is or is not Confidential Information;

(b) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided hereunder; or

(c) whether any particular information is or is not relevant to any issue in this case; provided that in doing so the party complies with the foregoing procedures.

30. Within thirty (30) days following the conclusion of this litigation, including the exhaustion of all appeals, all information designated as Confidential Information, except such documents or information which incorporate or are incorporated into attorney work product (a single copy of which may be retained in counsel's file), shall, upon request, be returned to the producing party, or disposed of pursuant to the instructions of the producing party.

31. The restrictions provided for above shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court. This Stipulated Protective Order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

**IT IS SO STIPULATED:**

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:_____  By:_____
John B. Sganga, Jr.
Paul Stewart
John N. Kandara

Attorneys for Plaintiffs
and Counterdefendants
NOBEL BIOCARE USA, LLC,
NOBEL BIOCARE SERVICES AG
and NOBEL BIOCARE AB

KLEINBERG & LERNER, LLP

Dated:_____  By:_____
Marvin H. Kleinberg
Michael Hurey
Christopher J. Dugger

Attorneys for Defendant
and Counterclaimant
BLUE SKY BIO, LLC

-16-

# **ORDER**

For good cause shown, IT IS HEREBY ORDERED THAT the Stipulated Protective Order, set forth herein, be entered on the date set forth below, with the following modifications:

1. The order is limited to those categories of information which the parties have identified in Paragraph 2 of the stipulation, and therefore to the categories for which, arguably, they have demonstrated good cause: technical product drawings; manufacturing data which the parties have heretofore treated as confidential; royalties, licenses and confidential business relationships with third parties; detailed product cost, sales and profitability information, to the extent that the parties have treated such information heretofore as confidential; customer and vendor lists; and strategic marketing information.
2. The order is limited to the discovery and pre-trial phase of the action. If protection is desired for use of information at trial, such protection must be sought separately from the judicial officer who will preside at trial.
3. The order shall not govern information used in connection with dispositive motions. If protection is desired for such information, such protection must be sought separately from the judicial officer who will hear the motions.

Dated: September 29, 2008

The Honorable Ralph Zarefsky
UNITED STATES MAGISTRATE JUDGE

-17-

Exhibit A

ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear or affirm that I have read and fully understand the Stipulated Protective Order entered in Nobel Biocare USA, LLC, *et al*. v. Blue Sky Bio, LLC, Civil Action No. CV08-1407 ODW (RZx). I agree that I will not disclose any information received by me pursuant to the Stipulated Protective Order, and I will comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court. I hereby consent to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcing this Order.

Dated: _____       By: _____

-18-

## CERTIFICATE OF SERVICE

1
2
3     The undersigned hereby certifies that all counsel of record who are
4  deemed to have consented to electronic service are being served with a copy of
5  this **STIPULATED [PROPOSED] PROTECTIVE ORDER** via the Court's
6  CM/ECF system pursuant to General Order No. 07-08 II(G) and III(C) on
7  September 25, 2008.

Linda Rivera

5978355_1
092508